IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS O. TAITE, #180664, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIV. A. NO. 20-0565-TFM-MU ) |
| WARDEN JIMMY THOMAS, *et al.*, | ) ) ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Marcus O. Taite, a state inmate proceeding *pro se*, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) In the petition, Taite attempts to challenge his November 1999 Clarke County Circuit Court conviction of second-degree burglary and its resulting sentence. Respondents deny that Taite is entitled to any relief whatsoever under the federal writ of habeas corpus, because this petition -- his second filed in this Court, and his third petition overall -- is successive and untimely. This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). The recommendation is that the instant petition be dismissed without prejudice for Taite's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## PROCEDURAL HISTORY

On September 18, 1998, Taite was arrested on the charge of second degree burglary, a violation of Ala. Code 13A-7-6 (1975), and the February 1999 term of the Clarke County Grand Jury subsequently indicted him on this offense.

(Docs. 25-1, 25-2). On November 2, 1999, a Clarke County Circuit Court jury found Taite guilty of second-degree burglary. (Doc. 25-3). Prior to sentencing, the State provided notice that Taite had three prior felony convictions and that it sought enhancement of his sentence under the Alabama Habitual Felony Offender Act, Ala. Code 13A-5-9.1 (1975). (Doc. 25-4). On December 21, 1999, the trial court sentenced Taite to life imprisonment. (Doc. 25-5). He appealed to the Alabama Court of Criminal Appeals, which affirmed his conviction and sentence by memorandum opinion in *Taite v. State*, 810 So. 2d 813 (Ala. Crim. App. Jun. 23, 2000). (Doc. 25-6). Taite did not seek certiorari review in the Alabama Supreme Court, and the Court of Criminal Appeals entered its certificate of judgment concluding his direct appeal proceedings on July 11, 2000. (Doc. 25-7).

Taite has filed several petitions for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure and various other pleadings, including civil actions, seeking relief from his burglary conviction and resulting sentence. On August 28, 2002, the trial court denied his first Rule 32 petition, which he filed on or about December 10, 2001, and he did not appeal from that judgment. (Doc. 25-8). On February 5, 2007, the trial court denied his second Rule 32 petition, which he filed on or about November 15, 2006, and the Court of Criminal Appeals dismissed his appeal from that decision as untimely. (Docs. 25-9, 25-10). Taite moved for a reconsideration of his habitual felony offender sentence on or about May 3, 2007, and the trial court denied the motion. (Doc. 25-9). The Alabama Court of Criminal Appeals affirmed that decision in *Tate v. State*, CR-06-0751 (Ala. Crim. App. Dec. 7, 2007) (mem. op.), *cert. stricken*, *Ex parte Tate*, No. 1070451 (Ala. Jan. 22, 2008). (Docs. 25-11, 25-12). Taite filed his

2

third Rule 32 petition on or about June 10, 2011, and the trial court dismissed the petition on August 23, 2012. (Doc. 25-13). It does not appear that he appealed from that decision, but instead later sought mandamus relief from the Court of Criminal Appeals. That court dismissed the mandamus petition on February 7, 2013, on the ground that it essentially stated claims of yet another Rule 32 petition. (Doc. 25-14). The Court of Criminal Appeals similarly dismissed another mandamus petition filed by Taite on those grounds on October 24, 2016. (Doc. 25-15). Taite filed a fourth Rule 32 petition on or about June 3, 2015. (Doc. 24-16). The disposition of that petition is not clear from a review of its case action summary sheet. (*Id*.).

Taite has also filed several civil actions seeking hearings or relief from his conviction and/or sentence in Clarke County Circuit Court, and these actions have been unsuccessful. (*See, e.g.,* Docs. 25-17, 25-18). More recently, Taite filed a February 14, 2020, civil action challenging his conviction and/or sentence in Bibb County Circuit Court, which was initially dismissed, but then transferred to Clarke County Circuit Court on April 17, 2020. (Docs. 25-19, 25-20, 25-21, 25-22). The Clarke County Circuit Court appears to have accepted the transferred file on April 21, 2020, and apparently considered the action disposed of by the prior dismissal. (Doc. 25-23). Taite has also filed a pending expungement motion in Clarke County Circuit Court under the name "Drelijah Joshua Muhammad." (Doc. 25-24).

On April 25, 2013, Taite filed his first federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 (a pleading entitled "Corpus Ward Nation State International Writ Of Habeas Corpus") challenging his burglary conviction and sentence in the Middle District of Alabama (Civil Action No. 2:13cv291-WHA),

and that court transferred the case to this Court. (Doc. 25-25 at pp. 7-8). This Court had previously dismissed without prejudice a habeas petition that sought a pardon of his conviction in *Taite v. Davenport*, No. CA 10-0329-KD-C, 2010 WL 3489963, at *4 (S.D. Ala. July 30, 2010), report and recommendation adopted, No. CIV.A. 10-00329-KD-C, 2010 WL 3489960 (S.D. Ala. Aug. 31, 2010). The Middle District of Alabama has done the same in *Taite v. Wayne*, No. 2:10-CV-341-TMH, 2010 WL 3774775, at *1 (M.D. Ala. July 26, 2010), report and recommendation adopted, No. 2:10CV341-TMH, 2010 WL 3774774 (M.D. Ala. Sept. 20, 2010). On June 28, 2016, in *Taite v. Stewart*, Civil Action No. 13-00322-CG-N, United States Magistrate Judge Katherine P. Nelson recommended that the 2013 petition be dismissed as untimely because it was filed approximately twelve years outside of the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (d)(1). (Doc. 25-25 at p. 13). Judge Nelson found no grounds for equitable tolling or a showing of actual innocence to permit review of the untimely petition. (*Id*. at pp. 16-29.) After a de novo review of the recommendation, Senior United States District Judge Callie V.S. Granade adopted the report and recommendation and dismissed Taite's petition on August 4, 2016. (Doc. 25-26). Taite attempted to appeal to the Eleventh Circuit Court of Appeals on September 19, 2016, but the Court of Appeals dismissed the appeal as untimely in *Taite v. Alabama President Pro Tempore*, No. 16-16366-E, 2017 WL 4533742 (11th Cir. Jan. 5, 2017).

On August 19, 2020, Taite filed a federal habeas petition in the Middle District of Alabama again challenging the same burglary conviction and sentence as in the instant case. *Taite v. The Royal Court of Justice Coat of Arms of Alabama,* Civ. A. No. 2:20-

CV-608-ECM-JTA, 2020 WL 7483939 (M.D. Ala. Oct. 19, 2020). The district court adopted its magistrate judge's recommendation that the petition be dismissed for lack of jurisdiction due to his failure to obtain permission from the Eleventh Circuit to file a successive petition in light of this Court's disposition of his first untimely habeas petition. *Id.* at *3, report and recommendation adopted sub nom. *Muhammad-Ali v. Royal Ct. of Just. Coat of Arms of Alabama,* No. 2:20-CV-608-ECM, 2020 WL 7480607 (M.D. Ala. Dec. 18, 2020).

Taite filed the instant petition in this Court on or about November 23, 2020. (Doc. 1). He did not first seek, much less obtain, permission from the Eleventh Circuit Court of Appeals before filing this petition. In the petition, Taite challenges his burglary conviction and resulting sentence on the following grounds:

1) "I was set new trial and settlement March 17, 2020 by Honorable Judge Marvin W. Wiggins in CV-20-000006.00" (Doc. 1 at p. 5);

2) "[A]ll Alabama Statutes Codes 1975 Subsections and Titles 1 - through-45" are void (Doc. 1 at p. 7);

3) The Alabama Habitual Felony Offender Act, Ala. Code § 13A-5-9 (1975), "and Indictments In G.J. No. 219 Nov. 2, 1999" are void (Doc. 1 at p. 8); and

4) He is being subjected to "false imprisonment" with no "valid judgment, verdicts, convictions, sentences," and presentence report (Doc. 1 at p. 10).

## **DISCUSSION**

"Before a second or successive application [under § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

5

"Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *accord Tompkins v. Sec'y, Dep't of Corr.,* 557 F.3d 1257, 1258 (11th Cir. 2009).

As set forth above, Taite filed a previous habeas petition in 2013, which was transferred to this Court, challenging the same conviction as the one he now challenges. In that case, Taite's § 2254 petition was dismissed on the grounds that his claims were time-barred by more than twelve years. *Taite v. Stewart*, Civil Action No. 13-00322-CG-N. (Doc. 25-25 at pp. 11-12). He failed to timely appeal this dismissal to the Eleventh Circuit Court of Appeals. (Doc. 25-27). He then filed his second petition in the Middle District, which was dismissed as successive on December 18, 2020. *Taite v. Royal Ct. of Just. Coat of Arms of Alabama*, No. 2:20-CV-608-ECM-JTA, 2020 WL 7483939, at *3 (M.D. Ala. Oct. 19, 2020), report and recommendation adopted sub nom. *Muhammad-Ali v. Royal Ct. of Just. Coat of Arms of Alabama*, No. 2:20-CV-608-ECM, 2020 WL 7480607 (M.D. Ala. Dec. 18, 2020). The instant petition is clearly a successive petition, it being the third petition filed challenging the same conviction and sentencing, yet there is nothing in the record to indicate that Taite has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition or that the Eleventh Circuit issued such an order. Because he has not filed a motion in the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider his petition nor been granted leave to file a second habeas petition, this Court lacks jurisdiction to consider the instant petition. *See Tompkins*, 557 F.3d at 1258; *Brennan v. Strickland*, CA 17-0005-WS-C, 2017 WL 889555, at * 3 (S.D. Ala. Jan. 10, 2017), *report and recommendation adopted*, 2017 WL 889627 (S.D. Ala. Mar. 6,

2017). Accordingly, the instant petition is due to be dismissed, without prejudice, for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A).[1]

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'") (quoting *Slack*, 529 U.S. at 484).

---

[1] Though the Court need look no further to support dismissal, it is also clear that the petition is untimely, for this Court has already declared his first petition untimely by nearly twelve years. *Taite v. Stewart*, Civil Action No. 13-00322-CG-N.

In the instant action, Taite has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. *See Hill*, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Taite should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Taite's petition should be dismissed. As a result, Taite is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Marcus O. Taite's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED without prejudice** for lack of jurisdiction due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A). In addition, because this Court lacks jurisdiction to consider this action, it is **RECOMMENDED** that Tait's writ of transfer (Doc. 3), motion to be heard and for new trial (Doc. 7), motion seeking bail and signature bond (Doc. 10), motion for virtual subpoena conference (Doc. 12), motion for signature bond release (Doc. 13), motion for pre-trial subpoena (Doc. 14), motion for fast speedy hearing/trial (Doc. 15), motion for hearing and trial (Doc. 16), motion to show cause (Doc. 29), motion for hearing (Doc. 32), motion for subpoena (Doc. 33), motion to accept certified

authenticated exhibits (Doc. 34), and motion to show cause why subpoenas should not be issued (Doc. 35) be **DENIED**. The undersigned also submits that Taite is not entitled to a certificate of appealability and is further not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **28th** day of **July, 2021**.

<u>s/P. BRADLEY MURRAY</u>
**UNITED STATES MAGISTRATE JUDGE**